IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Wilson de Jesus Rendon-Marin,   Case No. 3:93CR714

    Plaintiff

v.   ORDER

United States of America,

    Defendant

This is a criminal case in which the defendant, Wilson de Jesus Rendon-Marin, was convicted following trial on two drug-related counts. As a result of the defendant's prior convictions for other major drug offenses, he was sentenced a mandatory term of life imprisonment without parole. His direct appeal and a petition under 28 U.S.C. § 2255 were unsuccessful.

Now pending is a motion, styled as a "Motion for Relief from Judgment or Order pursuant to Fed. R. Civ. P. 60(b)(6)," in which the defendant claims that a search that discovered cocaine violated the Fourth Amendment. The government opposes the motion, which shall be denied.

## Discussion

The pending motion seeks to reopen the judgment entered on September 21, 1994. The basis on which the defendant seeks to do so, Rule 60(b), is a rule of *civil*, not *criminal*, procedure. It cannot, therefore, be used to reopen a judgment in a criminal case. *U.S. v. Bender*, 96 Fed. Appx. 344, 2004 WL 898721, at *1 (6th Cir. April 26, 2004) (unpublished) (citing *U.S. v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003). *Accord*, *e.g., U.S. v. Worthy*, 142 F.3d 438, 1998 WL 136208 (6th Cir. March 18, 1998) (unpublished); *U.S. v. Cabero*, 2005 WL 1484669 (E.D.Tenn. June 21, 2005).

Because § 2255 motions are civil in nature, a Rule 60(b) motion may be used to seek relief from the denial of a previously denied § 2255 motion. Such use is, though, limited to issues decided in the § 2255 case. *See McQueen v. Scroggy*, 99 F.3d 1302, 1334-35 (6th Cir. 1996).

Here the defendant seeks relief on the basis of other issues, which were not raised in his § 2255 petition. Thus, his motion cannot be construed as a motion challenging the denial of his § 2255 petition.

## Conclusion

For the foregoing reasons, the defendant's motion under Fed. R. Civ. P. 60(b) for relief from judgment must be denied.

It is, therefore,

ORDERED THAT the defendant's motion for relief under Fed. R. Civ. P. 60(b) be, and the same hereby is denied.

An appeal from this decision would be without any merit, and shall not be allowed without prepayment of the requisite filing fee.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge